## SUPREME COURT.

### YATES agt. BIGELOW.

The *further account* which section 158 permits to be called for, may be enforced by motion *after all the pleadings are put in.*

*General Term, Cooperstown, July,* 1853. On appeal from an order made at special term.

FERREY & BROWN, *for Plaintiff.*
A. BECKER, *for Defendant.*

By the Court—SHANKLAND, Justice. I am constrained to differ from the learned justice, who decided this cause at special term, on the question of practice involved in the motion. He holds, that the *further account* which § 158 permits to be called for, where the first is defective, cannot be called for, or the delivery of it enforced by motion, on the part of the plaintiff after he has replied to the answer. The decision proceeds on the hypothesis, that the account is a part of the pleading, and therefore, in fact, though not in terms, within rule 40 of this court, which rule applies to the allegations of a pleading so indefinite or uncertain, that the precise nature of the charge or defence is not apparent. That rule requires motions for relief under § 160, to be noticed, before demurring or answering the pleading, and within twenty days from the service thereof. Doubtless the account mentioned in § 158, when served, becomes a part of the complaint, or answer, so far as to limit the party's rights to give evidence of the items of the account thus served ; but like the bill of particulars under the old practice, it may be called for at any time before the trial. (*Graham's Practice,* 512.)

Section 158 requires a party alleging an account in his pleading, to deliver to the adverse party, within ten days after a demand thereof, in writing, a copy of the account, * * * or be precluded from giving evidence thereof. The court, or a judge thereof, or a county judge, may order a further account when the one delivered is defective ; and the court may in all

Yates agt. Bigelow.

cases order a bill of particulars of the claim of either party to be furnished.

The decision from which this appeal is taken, supposes the only object of obtaining the account mentioned in this section, is to enable the opposite party to put in the proper answer, or reply to it; and that by answering or replying, before calling for the *further account*, admits the account served to have been sufficiently certain, and that the further account is thereby waived. But I am of opinion that the main object of the account is to enable the party to see what items are claimed, and to prepare for trial, although in some cases it may be necessary for the other object. Indeed, the account may be called for when the party has either object in view, and need not assign any cause for the exercise of the right given to him, by the section, without condition or limitation. The first demand of a copy of the account may be made after all the pleadings are put in, and when it is no longer needed for that purpose, and if so, it follows that the *further account* may be had after that time also. The only question that can then arise will be, whether the account before delivered is defective.

If the justice at special term had deemed the account already delivered not defective, we would not have sustained this appeal. But the denial of the motion was not put on that ground, but expressly upon the ground that the party, by replying to the answer before calling for a further account, had precluded himself from relief. But mistaking an important question of practice, the plaintiff is denied a meritorious application, by the court, on the supposition that the rules of the court and of the Code denied the power of relief.

The rule to be entered should be, to reverse the order appealed from, with ten dollars costs, but no costs of the motion at special term to either party.